September 30, 2010

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0806

Re: Whether section 11.059 of the Education Code prohibits an independent school district from changing the length of terms of its board of trustees after it changes the election date pursuant to section 41.0052(a-1) of the Election Code (RQ-0864-GA)

Dear Commissioner Scott:

You ask about "the impact, if any, of recent amendments to Section 41.0052 of the Texas Election Code on the ability of independent school districts to change the election date for their boards of trustees."[1] Specifically, you desire to know whether the amendments allow "an independent school district to . . . make a change in the length of terms of its board of trustees despite the deadline in Section 11.059(e) of the Education Code[.]" Request Letter at 2.

Education Code section 11.059 requires that a "trustee of an independent school district serve[] a term of three or four years." TEX. EDUC. CODE ANN. § 11.059(a) (West Supp. 2010).[2] Elections for trustees with three-year terms must be held annually, with one-third of the terms of the board, or as close to one-third as possible, expiring each year. Id. § 11.059(b). Elections for trustees with four-year terms must be held biennially, with one-half of the terms of the board, or as close to one-half as possible, expiring every two years. Id. § 11.059(c).

In addition to specifying the length of terms for trustees, the Education Code requires that elections for trustees of an independent school district be held jointly and on the same date as elections of (1) the governing body of a municipality located in the school district; (2) state and county officers; or (3) in certain limited circumstances, members of the governing body of a hospital district. Id. § 11.0581(a); see id. § 11.0581(b) (requiring such elections to be "held as a joint election

---

[1]Request Letter at 1(footnote deleted) (available at http://www.texasattorneygeneral.gov).

[2]Subsections (a) and (b) of Education Code section 11.059 "do not apply to the board of trustees of a school district if: (1) the district's central administrative office is located in a county with a population of more than two million; and (2) the district's student enrollment is more than 125,000 and less than 200,000." TEX. EDUC. CODE ANN. § 11.065(a) (West 2006).

under Chapter 271, Election Code"). The joint election requirement was passed by the Seventy-ninth Legislature in 2006. *See* Act of May 12, 2006, 79th Leg., 3d C.S., ch. 5, § 11.01, 2006 Tex. Gen. Laws 45, 98–99. You explain that "[f]or many independent school districts, compliance with this joint-election requirement required changing the length of the terms of [their] trustees from three years to four years or vice versa." Request Letter at 2.

In 2007, the Eightieth Legislature adopted an amendment to section 11.059 of the Education Code permitting school districts to make this change:

> (e) *Not later than December 31, 2007*, the board of trustees may adopt a resolution changing the length of the terms of its trustees. The resolution must provide for a term of either three or four years and specify the manner in which the transition from the length of the former term to the modified term is made.

TEX. EDUC. CODE ANN. § 11.059(e) (West Supp. 2010) (emphasis added); Act of April 13, 2007, 80th Leg., R.S., ch. 17, § 1, 2007 Tex. Gen. Laws 14, 14–15. As we noted in Attorney General Opinion GA-0712, "subsection (e) permitted a board of trustees to adopt a resolution to change the length of the terms of its trustees, but only if the change was made no later than December 31, 2007." Tex. Att'y Gen. Op. No. GA-0712 (2009) at 1–2 (concluding that the board of trustees of the Dallas Independent School District was not authorized to change the length of its members' terms after December 31, 2007).

In 2009, after GA-0712 was issued, the Legislature amended section 41.0052 of the Election Code to allow most political subdivisions to change their election dates:

> The governing body of a political subdivision, other than a county, that holds its general election for officers on a date other than the November uniform election date may, not later than December 31, 2010, change the date on which it holds its general election for officers to the November uniform election date.[3]

TEX. ELEC. CODE ANN. § 41.0052(a-1) (West 2010) (footnote added); Act of May 5, 2009, 81st Leg., R.S., ch. 27, § 1, 2009 Tex. Gen. Laws 48, 48. The Election Code defines "political subdivision" to include, among other entities, school districts. TEX. ELEC. CODE ANN. § 1.005(13) (West 2010). Subsection (b) of section 41.0052 states: "A governing body changing an election date [to the November uniform election date] shall adjust the terms of office to conform to the new election date." *Id.* § 41.0052(b).

---

[3]Section 41.001 of the Election Code, titled "Uniform Election Dates," specifies that "[e]xcept as otherwise provided by this subchapter, each general or special election in this state shall be held on one of the following dates: (1) the second Saturday in May; or (2) the first Tuesday after the first Monday in November." TEX. ELEC. CODE ANN. § 41.001(a) (West 2010). Section 41.002 provides that "[t]he general election for state and county officers shall be held on the first Tuesday after the first Monday in November in even-numbered years." *Id.* § 41.002.

Based on the amendment to section 41.0052, you ask whether "Section 41.0052(a-1) of the Election Code authorize[s] an independent school district to change the election date for its board of trustees to the November uniform election date and make a change in the length of terms of its board of trustees despite the deadline in Section 11.059(e) of the Education Code?" Request Letter at 2. If the answer is no, you then ask whether "an independent school district [may] make such a change in election date and terms of the board of trustees if no municipality continues to hold an election on the same date as the district?" *Id.*

Your questions require us to construe two statutes, Education Code section 11.059 and Election Code section 41.0052, together. In construing these statutes, we are guided by the principle of statutory construction that, where possible, we are to construe statutes so as to harmonize them with other relevant laws, not to find conflict. *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 311 (Tex. 2010). "If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE ANN. § 311.026(a) (West 2005). However, if the conflict is irreconcilable, "the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b).

We must first determine whether Education Code section 11.059 and Election Code section 41.0052 can be harmonized or whether the two statutes are irreconcilable. Education Code subsection 11.059(e) allows the board of trustees to adopt a resolution changing the length of the terms of its trustees by a date certain, December 31, 2007. TEX. EDUC. CODE ANN. § 11.059(e) (West Supp. 2010). By establishing the December 31, 2007 deadline, the Legislature implicitly prohibited the board of trustees from changing the terms after that date. Tex. Att'y Gen. Op. No. GA-0712 (2009) at 1–3. In contrast, Election Code section 41.0052 allows a political subdivision, including a school district, to change the date on which it holds its general election for officers to the November uniform election date and to "adjust the terms of office" accordingly. TEX. ELEC. CODE ANN. § 41.0052(a-1), (b) (West 2010). Adjusting the terms of office in accordance with the November uniform election date will necessarily require changing the length of those terms, at least temporarily.[4] Thus, while Education Code subsection 11.059(e) expressly prohibits "changing the length" of board terms after December 31, 2007, Election Code subsections 41.0052(a-1) and (b) expressly allow it. We therefore conclude that an irreconcilable conflict exists between these two provisions, and we must determine which statute prevails.

The Legislature has prescribed that the Election Code "supercedes a conflicting statute outside" the Election Code unless the Election Code or "the outside statute expressly provides

---

[4]We note that the term "adjust" is not further defined in the statute, and we therefore "rely on definitions listed in commonly used dictionaries to discern the plain meaning" of the term. *Centerpoint Energy Entex v. R.R. Comm'n of Tex.,* 208 S.W.3d 608, 619 (Tex. App.—Austin 2006, pet. dism'd). Adjust is defined in one such dictionary as "[t]o change so as to match or fit." THE AMERICAN HERITAGE DICTIONARY 17 (4th ed. 2002); *see also* NEW OXFORD AMERICAN DICTIONARY 20 (2001) (defining "adjust" as to "alter or move (something) slightly in order to achieve the desired fit"); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 16 (11th ed. 2003) (defining "adjust" as "to make conform" or to "adapt").

otherwise." TEX. ELEC. CODE ANN. § 1.002(b) (West 2010). We find no language in the Education Code suggesting that Education Code section 11.059 should prevail over Election Code section 41.0052.

Furthermore, analyzing the statutes under the Code Construction Act leads to the conclusion that the Election Code provision would likely prevail. Election Code section 41.0052 is a general provision applicable to the governing bodies of all political subdivisions other than counties. *Id.* § 41.0052(a-1). Education Code section 11.059 is a more specific provision addressing the boards of trustees of school districts particularly. TEX. EDUC. CODE ANN. § 11.059(a) (West Supp. 2010). Generally, the more specific statute would prevail; however, if the general provision was enacted later in time and the manifest intent is that the general provision prevail, it will do so. TEX. GOV'T CODE ANN. § 311.026(b) (West 2005).

The Legislature enacted Education Code subsection 11.059(e) in 2007. *See* Act of April 13, 2007, 80th Leg., R.S., ch. 17, § 1, 2007 Tex. Gen. Laws 14, 14–15. It enacted Election Code subsection 41.0052(a-1) in 2009. *See* Act of May 5, 2009, 81st Leg., R.S., ch. 27, § 1, 2009 Tex. Gen. Laws 48, 48.[5] Because the Election Code provision was enacted later in time, we look to the manifest intent of the Legislature to determine which provision prevails. In doing so, we may look to, among other things, the object sought to be attained, the legislative history, and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (West 2005); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

We first observe that in enacting section 41.0052(a-1), it appears that the Legislature sought to enable school districts to change their election dates. The Legislature expressly excluded counties from the political subdivisions that are otherwise permitted to move to the November uniform election date and adjust terms to conform with that date. *See* TEX. ELEC. CODE ANN. § 41.0052(a-1) (West 2010). The Legislature could have easily excluded school districts as well but chose not to do so. It therefore appears that the Legislature intended for school districts to be authorized to change their election dates to the November uniform election date as permitted by that statute.

In addition, the legislative history suggests that Election Code section 41.0052(a-1) should prevail. The Legislature's intent in enacting Education Code section 11.059(e) was to allow school districts to comply with the joint-election mandate of section 11.0581 and "to address the rising costs of multiple elections and the confusion among voter precincts." SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 670, 80th Leg., R.S. (2007). Such intent would be furthered by allowing school districts to adopt the November uniform election date and adjust the length of its terms accordingly under section 41.0052. Conversely, the Legislature's intent would be thwarted if a school district could not comply with the joint election mandate based on the prohibition in Education Code section 11.059(e).

---

[5]We note that the Legislature originally enacted subsection (b) of section 41.0052 in 1993. Act of May 28, 1993, 73d Leg., R.S., ch. 728, § 11, 1993 Tex. Gen. Laws 2845, 2847. While the Legislature did not expressly reenact subsection (b) when it added subsection (a-1), subsection (b) expressly relates to the other provisions within that section and must be read in conjunction with the later-enacted provisions.

Finally, as your second question reveals, the consequences of an alternative construction suggest that Election Code section 41.0052 should prevail. If school districts may not utilize section 41.0052 to change their election date and adjust the trustees' terms accordingly, it will be impossible for some districts to comply with the joint-election mandate of Education Code section 11.0581.[6] In construing statutes, we assume that it was not the intent of the Legislature to require an impossible thing. *Tex. & Pac. Ry. Co. v. Perkins*, 48 S.W.2d 249, 251 (Tex. Comm'n App. 1932, holding approved); *see also* TEX. GOV'T CODE ANN. § 311.021(4) ("In enacting a statute, it is presumed that . . . a result feasible of execution is intended . . . .") (West 2005). Considering the object sought to be attained by the statutes, the legislative history, and the consequences of an alternative construction, we believe that the Legislature intended for Election Code section 41.0052 to prevail over Education Code section 11.059(e) to the extent of a conflict. In our opinion, a court would likely conclude that a school district may change the date on which it holds its general election for officers to the November uniform election date and adjust the terms of office to conform to the new election date on or before December 31, 2010.[7]

---

[6]You explain that "some districts have expressed concern that the municipality with which they conduct a joint election under section 11.059(a)(1) of the Education Code may change its own election date to November, potentially leaving the district unable to comply with section 11.059 if no other eligible municipality also holds an election on the current date." Request Letter at 2.

[7]Because we answer your first question in the affirmative, we do not reach your second question.

## S U M M A R Y

We believe that a court would likely conclude that pursuant to Election Code section 41.0052, a school district may change the date on which it holds its general election for officers to the November uniform election date and adjust the terms of office to conform to the new election date on or before December 31, 2010.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

.DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee